IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KHAMANI LODGE, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-182 |
| APRIA M. BROWN, TOYA STEVENSON, KATRANA LUELLEN, SANDRA ALLEN, SANDRA DESHAIZER, and STERLING WIMBERLY, | * | |
| Defendants. | * | |

## ORDER

Before the Court is Khamani Lodge's ("Plaintiff") motion for a temporary restraining order. (Doc. 2.) Because Plaintiff has failed to show that he is entitled to such relief, his motion is **DENIED**.

From Plaintiff's motion and attached exhibits, the Court understands that Plaintiff seeks a restraining order against Sterling Wimberly, Chief Magistrate, Burke County, Georgia, to prevent what Plaintiff claims is a "virtual [s]tate of [f]alse imprisonment." (Pl.'s Mot. for TRO, at 1.) Plaintiff also claims he is not subject to the Burke County Magistrate Court's jurisdiction and that venue there is improper. The origination of the present action appears to be a landlord-tenant dispute between Plaintiff and a co-defendant of Chief Magistrate Wimberly, Sandra

Allen. (Id. at 2.) On or about September 14, 2018, Ms. Allen filed an Application for Criminal Warrant in the Magistrate Court of Burke County. (Exs. to Pl.'s Mot. for TRO, Doc. 2-1, Ex. A.) According to Ms. Allen, Plaintiff allegedly made threatening telephone calls to her and has otherwise engaged in harassing conduct. (Id.; Exs. to Pl.'s Mot. for TRO, Ex. C, at 1-2.) Since that time, the Burke County Magistrate Court seemingly served Plaintiff with at least two subpoenas requiring him to appear as a defendant before it.[1] (Exs. to Pl.'s Mot. for TRO, Ex. C, at 4-5.) Plaintiff has not provided a copy of an executed arrest warrant or alleged specific facts showing he is currently detained.

Pursuant to Federal Rule of Civil Procedure 65, a court may enter a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and the attorney of the party requesting the order "certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b). To receive a temporary restraining order, the movant must show: "(1) a substantial likelihood of success on the

---

[1] The documents provided do not clearly demonstrate the nature of the proceeding in the Burke County Magistrate Court. Although the subpoenas list Ms. Allen as the plaintiff, the Court cannot determine if the subpoenas are connected to Ms. Allen's Application for Criminal Warrant.

2

merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

First, Plaintiff has not certified in writing either that he has attempted to notify Chief Magistrate Wimberly or the reasons why such notice is unnecessary. In fact, the docket reveals Plaintiff has not served Chief Magistrate Wimberly with the complaint and summons in this case.

Second, Plaintiff has not shown there exists a substantial likelihood he will prevail on the merits or that he will suffer irreparable injury absent a restraining order. See id. at 1226 ("Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion."). Plaintiff has offered no evidence he is falsely imprisoned or imprisoned at all. Plaintiff directs the Court to subpoenas requiring him to attend a hearing in the Magistrate Court of Burke County but offers no factual basis to conclude the subpoenas equate to detention. Moreover, to the extent Plaintiff argues a restraining order is necessary because the Burke County Magistrate Court lacks jurisdiction or venue is improper in that court, Georgia law permits Plaintiff to raise those arguments in his defense. See O.C.G.A. § 9-11-12(b). Therefore, he will not be irreparably injured by the Court's

3

failure to grant his request for a restraining order on grounds that the Burke County Magistrate Court lacks jurisdiction or venue.

Accordingly, it **IS HEREBY ORDERED** that Plaintiff's motion for a temporary restraining order (Doc. 2) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of November, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA