IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KHAMANI LODGE, | * | |
| Plaintiff, | * | |
| v. | * | CV 118-182 |
| APRIA M. BROWN, TOYA STEVENSON, KATRANA LUELLEN, SANDRA ALLEN, SANDRA DESHAIZER, and STERLING WIMBERLY, | * | |
| Defendants. | * | |

**O R D E R**

The following motions are before the Court: Defendant Katrana Luellen's motion to dismiss (Doc. 9); Plaintiff's motion for contempt of court and for other relief (Doc. 12); Plaintiff's motion for injunctive relief (Doc. 13); Plaintiff's motion for summary judgment (Doc. 14); Defendant Katrana Luellen and Toya Stevenson's motion to dismiss (Doc. 21); Defendant Sandra DeShaizer's motion to dismiss (Doc. 23); Plaintiff's motion for mediation (Doc. 24); Defendant Sandra DeShaizer's second motion to dismiss (Doc. 28); and Defendant Sterling Wimberly's motion to dismiss (Doc. 34).

## I. BACKGROUND

Plaintiff, proceeding *pro se*, initiated the action with the filing of his Complaint on October 18, 2018. On November 1, 2018, Plaintiff filed his First Additional Complaint. (See FED. R. CIV. P. 15(a)(1).) Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff is required to serve defendants within ninety days of filing his complaint. Despite notice, Defendant failed to properly serve a number of defendants. Ninety days have passed since Plaintiff filed his First Additional Complaint, and Plaintiff received substantial additional time to effect proper service on Defendants.

On November 1, 2018, United States Magistrate Judge Brian K. Epps notified Plaintiff that "he must serve Defendants within ninety days . . . , and failure to do so may result in the dismissal of individual defendants or the entire case." (November 1, 2018 Magistrate Order, Doc. 7, at 3.) Shortly thereafter, Plaintiff filed a motion requesting that the United States Marshal serve Defendant DeShaizer. (Doc. 10.) Judge Epps denied the motion and noted Plantiff's failure to serve Defendant DeShaizer. (November 7, 2018 Magistrate Order, Doc. 11, at 2.) On December 17, 2018, Plaintiff filed his proof of service as to five Defendants: Toya Stevenson, Judge Sterling Wimberly, Apria M. Brown, Katrana Luellen, and Sandra Allen. (Summons Returned Executed, Doc. 27.) On four of the proofs of service, Plaintiff

2

signed the "server's signature" line. (Id. at 1-4.) The final document in the proof of service collection is a Sheriff's Entry of Service as to Defendant Allen. (Id. at 5.) Additionally, Defendant Allen is the only defendant to answer either complaint, and it is unclear which complaint she answered. (See Allen Answer, Doc. 8.) The answer does, however, appear to acknowledge service. (See id. at 2.)

## II. DISCUSSION

### A. Insufficient Service of Process

Pursuant to Federal Rule of Civil Procedure 12(b)(5) and 4(m), Defendants Stevenson, Wimberly, and Luellen are dismissed from the action for insufficient service of process. Even assuming Plaintiff actually served some Defendants himself, a party may not serve a summons and complaint. FED. R. CIV. P. 4(c)(2).

> Rule [4(c)(2)] provides in part that "a person who is 'not a party may serve a summons and complaint.'" Pelmore v. Pinestate Mortg. Corp., [No. 1:09-CV-2313-TWT], 2010 WL 520767, at *3 (N.D. Ga. [Feb.] 8, 2010) (quoting FED. R. CIV. P. 4(c)(2)) (emphasis in original). [The] [p]laintiff failed to comply with Rule 4(c)(2) because he personally attempted service . . . ." Id. ("any attempt by Plaintiff himself to serve [the] [d]efendants by mail would be a violation of Rule 4(c)(2)") (citing Genins v. State Bar of Ga., [No. CIVA CV205-116], 2006 WL 2699076, at *2 (S.D. Ga. [Sept.] 18, 2006)). The complaint is subject to dismissal for this . . . defect in service.

Nasrallah v. Chick-fil-a Piedmont Road, No 1:15-CV-02893-RWS-JFK, 2017 WL 729170, at 3 n.4 (N.D. Ga. Jan. 3, 2017). Plaintiff's *pro*

3

*se* status is not an excuse for failure to serve Defendants in accordance with the Federal Rules. Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 348 n.4 (11th Cir. 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Here, Plaintiff signed as the serving party for Defendants Stevenson, Wimberly, and Luellen, and Defendants Stevenson, Wimberly, and Luellen moved to dismiss for insufficient service of process. In response to the argument that Plaintiff failed to effect proper service, and upon a finding of insufficient service, Plaintiff's obligation is to show good cause for his failure to serve Defendants. See FED. R. CIV. P. 4(m). Plaintiff failed to meaningfully oppose the motions to dismiss for insufficient service of process (see LR 7.5, SDGa) or otherwise show the existence of good cause for his failure to properly serve certain Defendants. See Lepone v. Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Instead, Plaintiff argues he effected proper service. For the reasons contained herein, he is incorrect. The case is dismissed as to Defendants Stevenson, Wimberly, and Luellen.

**B. Motion for a More Definite Statement**

Defendant DeShaizer filed a motion to dismiss or, in the alternative, a motion for a more definite statement. (Doc. 23.) Plaintiff's complaints amount to a collective "shotgun pleading." As the Eleventh Circuit has found, a "shotgun pleading" fails to

separate "into a different count each cause of action or claim for relief" or asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-24 (11th Cir. 2015). Plaintiff's initial complaint suffers from both errors. (See Compl.) Furthermore, Plaintiff fails to explain whether his "Additional Complaint," aside from the name, is intended to replace or supplement Plaintiff's initial complaint. Combined, Plaintiff's two complaints contain a litany of intermixed asserted, referenced, and suggested causes of action creating a vague and ambiguous pleading. Accordingly, Defendants are left without clarity as to which allegations they are required to respond. Despite the well-established principle that district courts construe *pro se* pleadings liberally, the Eleventh Circuit "ha[s] little tolerance for shotgun pleadings." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018). As set forth in Section III, *infra*, Plaintiff is instructed to replead his complaint as a single, stand-alone document in accordance with the Federal Rules of Civil Procedure.

## C. Failure to Serve Defendant Brown

Nothing in the record evidences that Plaintiff has properly served Defendant Brown,[1] and Defendant Brown is yet to appear in this action. Pursuant to Rule 4(m), the Court has discretion to dismiss Defendant Brown "on its own after notice to plaintiff." Although Plaintiff arguably received notice in the Magistrate Court's November 1, 2018 Order, this Order conclusively serves as Plaintiff's notice. As instructed below, Plaintiff is required to file a submission with the Court showing good cause for his failure to properly serve Defendant Brown. See Lepone-Dempsey, 476 F.3d at 1282.

## D. Remaining Pending Motions

Plaintiff's remaining pending motions are based, albeit loosely, on the current complaints. Because all named Defendants have not been properly served and the Federal Rules of Civil Procedure require Plaintiff to replead his complaint, Plaintiff's remaining motions are due to be denied, without prejudice, as moot.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Defendants Stevenson and Luellen's motion to dismiss (Doc. 21) is **GRANTED IN PART** for insufficient service of process,

---

[1] Plaintiff filed a proof of service as to Defendant Brown, but Plaintiff signed the document as the serving party. (Summons Returned Executed, at 3.)

6

and the remainder is **DENIED AS MOOT**. All claims against Defendants Stevenson and Luellen are **DISMISSED WITHOUT PREJUDICE**.

(2) Defendant Wimberly's motion to dismiss (Doc. 34) is **GRANTED**. All claims against Defendant Wimberly are **DISMISSED WITHOUT PREJUDICE**.

(3) Defendant Luellen's motion to dismiss (Doc. 9) is **DENIED AS MOOT**.

(4) Defendant DeShaizer's motion to dismiss or, in the alternative, motion for a more definite statement (Doc. 23) is **GRANTED IN PART** as to the motion for more definite statement, and the remainder is **DENIED AS MOOT**.

(5) Plaintiff's motion for contempt of court and other relief (Doc. 12) is **DENIED AS MOOT**.

(6) Plaintiff's motion for injunctive and other relief (Doc. 13) is **DENIED AS MOOT**.

(7) Plaintiff's motion for summary judgment (Doc. 14) is **DENIED AS MOOT**.

(8) Plaintiff's motion requesting this case be sent to mediation (Doc. 24) is **DENIED AS MOOT**.

(9) Defendant DeShaizer's motion based upon Plaintiff's failure to serve her with one of his motions for summary judgment (Doc. 28) is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to **TERMINATE** Defendants Stevenson, Luellen, and Wimberly as parties and any deadlines and motions pertaining to them.

**IT IS FURTHER ORDERED** that Plaintiff shall file his repleaded complaint as a stand-alone entry on the docket within **FIFTEEN (15) DAYS** of the date of this Order in accordance with the Federal Rules of Civil Procedure. The refiled complaint shall delineate the claims asserted, state against which Defendants the claims are asserted, and contain factual allegations related to those claims. If Plaintiff's refiled complaint fails to comply with the Federal Rules of Civil Procedure or the instructions set forth in this Order, the complaint may be dismissed. The remaining Defendants shall respond to Plaintiff's refiled complaint in the manner and time set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

Plaintiff is **FURTHER ORDERED** to file with the Court, within **FIFTEEN (15) DAYS** of the date of this Order, a submission setting forth good cause for his failure to serve Defendant Brown. Plaintiff's failure to file this document within the prescribed time frame will result in dismissal of the case as against Defendant Brown.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of September, 2019.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA