IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
KHAMANI LODGE,                      *
                                    *
     Plaintiff,                     *
                                    *
     v.                             *    CV 118-182
                                    *
APRIA M. BROWN, TOYA                *
STEVENSON, KATRANA LUELLEN,         *
SANDRA ALLEN, SANDRA                *
DESHAIZER, and                      *
STERLING WIMBERLY,                  *
                                    *
     Defendants.                    *
```

## O R D E R

Several of Plaintiff's motions are before the Court. First, within Plaintiff's October 28, 2019 filing (Oct. 28, 2019 Filing, Doc. 39), he made the following motions: (1) Plaintiff's motion for an extension of time to respond to the Court's September 27, 2019 Order (Oct. 28, 2019 Filing, at 2), and (2) Plaintiff's motion for reconsideration of the Court's September 27, 2019 Order (id. at 2-3).[1] Next, Plaintiff filed a motion requesting a three-judge panel. (Doc. 41.) The Court addresses each in turn.

---

[1] Plaintiff makes additional motions within the October 28, 2019 filing. First, he moves for summary judgment against Defendants Brown, DeShaizer, Wimberly, and Allen for their failure to respond to Plaintiff's complaint. (Oct. 28, 2019 Filing, at 8.) As noted in the Court's September 27, 2019 Order, Defendants Brown, Wimberly, and Allen were not properly served. Moreover, the Court granted Defendant DeShaizer's motion for a more definite statement removing her obligation to respond to Plaintiff's original complaint. For these reasons, Plaintiff's motion for summary judgment (id.) is **DENIED**. Second, Plaintiff moves to deny immunity requests of all Defendants. The issue of immunity is

## I. BACKGROUND

On September 27, 2019, the Court entered an Order addressing the Parties' numerous motions. (Sept. 27, 2019 Order, Doc. 38.) The Court concluded that Defendants Stevenson, Luellen, and Wimberly were not properly served and dismissed them from the lawsuit. (Id. at 4, 6-7.) The Court further determined that Plaintiff's complaint amounted to a shotgun pleading under Eleventh Circuit precedent and ordered Plaintiff to refile the complaint within fifteen days of the date of the September 27, 2019 Order. (Id. at 4-5, 8.) Finally, the Court ordered Plaintiff to provide good cause for his failure to serve Defendant Brown within fifteen days of the date of the Order. (Id. at 8.) Saturday, October 12, 2019, marked the fifteenth day following the Court's Order. Because the deadline fell on a Saturday, Plaintiff had until Monday, October 14, 2019, to comply with the Order. See FED. R. CIV. P. 6(a)(3)(A). Plaintiff filed the present motions on October 28 (Doc. 39) and October 30 (Doc. 41). Plaintiff asserts that he did not receive the Court's Order until October 23, 2019, due to an issue with the mailing.[2] (Oct. 28, 2019 Filing, at 2; Exs. to Oct. 28, 2019 Filing, Doc. 39-1, at 1.)

---

not before the Court at this time, and therefore, Plaintiff's motion to deny immunity (id. at 8-9) is **DENIED**.

[2] The Exhibit contains a "return to sender" message with a notification of a new address for Plaintiff. (Exs. to Oct. 28, 2019 Filing, at 1.) To the extent Plaintiff's address is different than the one submitted to the Court (Notice of Change of Address, Doc. 33, at 4), Plaintiff is required to notify the Court of his new address. LR 11.1, SDGa.

## II. DISCUSSION

### A. Motion for Extension of Time

It is unclear from which date Plaintiff seeks a ten-day extension to respond to the Court's September 27, 2019 Order. The September 27, 2019 Order did not require Plaintiff to respond; it required Plaintiff to amend his complaint. Plaintiff filed the response (Doc. 40) the same day he filed the motion for an extension of time, and the motions contained in Plaintiff's October 28, 2019 filing and response to the September 27, 2019 Order did not require additional time. Plaintiff, however, did not file an amended complaint, which would have required an extension of time. Therefore, because Plaintiff's October 28, 2019 filing contains no motions requiring additional time, Plaintiff's motion for an extension of time is moot.

### B. Motion for Reconsideration

Plaintiff fails to specify whether he seeks reconsideration under Federal Rule of Civil Procedure 59 or 60. When a movant fails to specify the rule under which he seeks reconsideration, the Court looks to the timing of the motion. A motion for reconsideration following a final judgment "falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Generally, when a motion for reconsideration is

filed within twenty-eight days of the judgment, the motion is treated as a motion pursuant to Federal Rule of Civil Procedure 59(e). See Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed his motion for reconsideration on October 28, 2019, thirty-one days after the Court entered the September 27, 2019 Order. Nevertheless, because the Order was served upon Plaintiff via mail, Plaintiff claims he did not receive the September 27, 2019 Order until October 23, 2019, and Plaintiff is proceeding *pro se*, the Court interprets Plaintiff's motion as pursuant to Rule 59. See FED. R. CIV. P. 6(d).

With the foregoing decided, "the only grounds for granting a Rule 59[(e)] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam). The Court keeps in mind that reconsideration of an earlier order is an extraordinary remedy, which should be used sparingly. Ceja v. United States, No. 115-018, 2017 WL 3401459, at *1 (S.D. Ga. Aug. 8, 2017) (citing Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004)). A reconsideration motion should not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted). Whether to grant a motion

4

for reconsideration is within the sound discretion of the district court. Ebanks v. Samsung Telecomm. Am., LLP, 667 F. App'x 740, 741 (11th Cir. 2016) (per curiam) (citing Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1317-18 (11th Cir. 2013)).

Plaintiff's request for reconsideration focuses on the Court's dismissal of three defendants for improper service of process. Plaintiff primarily makes the same arguments made in opposing the defendants' motions to dismiss — that the defendants were served. Plaintiff does not address the fact that the September 27, 2019 Order concluded that even assuming the defendants in question were served, they were improperly served by Plaintiff himself. Plaintiff submits no new evidence showing the Court's conclusion that he improperly served the three defendants was incorrect or that the Court committed a manifest error of law or fact in reaching its conclusion. Accordingly, Plaintiff fails to show any justification for altering the September 27, 2019 Order.

## C. Motion for a Three-Judge Panel

Plaintiff's motion for a three-judge panel offers no legal basis for the relief requested. "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Plaintiff's

motion primarily focuses on his disagreements with the doctrine of qualified immunity. Qualified immunity, however, had no bearing on the Court's September 27, 2019 Order and has no bearing on this Order. The Court finds no authority compelling a three-judge panel in this case.

**D. Defendant Brown**

In the September 27, 2019 Order, the Court concluded Plaintiff also failed to properly serve Defendant Brown. (Order, at 6.) Because Defendant Brown had not appeared or moved to dismiss for improper service, the Court provided Plaintiff fifteen days to show good cause for his failure to properly serve Defendant Brown. (Id. at 8.) The Court warned that should Plaintiff fail to make such a showing in the prescribed time, Defendant Brown would be dismissed from the lawsuit. Nothing in Plaintiff's recent filings evidences good cause for failing to properly serve Defendant Brown. Accordingly, the case is dismissed as to Defendant Brown. FED. R. CIV. P. 4(m).

**E. Amended Complaint**

Plaintiff failed to file an amended complaint as the Court ordered. The Court finds, however, that Plaintiff's filings reveal an attempt to clarify the claims asserted. (See Oct. 28, 2019 Filing, at 5.) Accordingly, the Court will not dismiss the remainder of the lawsuit at this time and provides Plaintiff a

final attempt to file a proper complaint against the remaining defendants, Allen and DeShaizer.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for an extension of time (Doc. 39) is **DENIED AS MOOT**;

(2) Plaintiff's motion for reconsideration of the Court's September 27, 2019 Order pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 39) is **DENIED**;

(3) Plaintiff's motion for a three-judge panel (Doc. 41) is **DENIED**; and

(4) All claims against Defendant Brown are **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to **TERMINATE** Defendant Brown as a party and any deadlines and motions pertaining to her. **IT IS FURTHER ORDERED** that Plaintiff shall file his repleaded complaint as a stand-alone entry on the docket within **FIFTEEN (15) DAYS** of the date of this Order in accordance with the Federal Rules of Civil Procedure. The refiled complaint shall delineate the claims asserted, state against which Defendants the claims are asserted, and contain factual allegations related to those claims. Plaintiff's failure to refile the complaint in the time set forth herein or in accordance with the Federal Rules of Civil Procedure

will result in the dismissal of Plaintiff's lawsuit. Upon Plaintiff filing his amended complaint, the remaining Defendants shall respond in the manner and time set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of December, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA