IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

KHAMANI LODGE,                    *
                                  *
       Plaintiff,                 *
                                  *
   v.                             *    CV 118-182
                                  *
SANDRA ALLEN and SANDRA           *
DESHAIZER,                        *
                                  *
       Defendants.                *

_____

**O R D E R**
_____

By Order dated December 11, 2019, the Court gave Plaintiff "a final attempt to file a proper complaint against the remaining defendants, Allen and Deshaizer." (Dec. 11, 2019, Doc. 44.) The Court ordered Plaintiff to file his amended complaint within fifteen days of the date of the Order. (Id.) This deadline expired on December 26, 2019, without Plaintiff filing an amended complaint, and he has made no attempt to comply with the Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th

Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, as directed in the Court's December 11th Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by

the Local Rules. The Court cautioned Plaintiff that a failure to file an amended complaint would result in dismissal. (Doc. 44, pp. 7-8.)

Therefore, the Court **DISMISSES** this case without prejudice, **DIRECTS** the **CLERK** to **TERMINATE** all pending motions, and **CLOSES** this civil action.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of March, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA